Argued at Pendleton May 9, reversed and dismissed October 2, 1923.

## NICKLIN *v.* PARSLEY ET AL.

(218 Pac. 750.)

**Animals—Stock Law Inapplicable to Wasco County.**

1. Laws of 1893, page 89, B. & C. Comp., Sections 4243–4247, providing for determining by vote whether stock be permitted to run at large in any county, but by a proviso in Section 5 excluding all counties in Eastern Oregon, except Umatilla, does not apply to Wasco County; Laws of 1903, page 252, extending it only to counties of 50,000 or more inhabitants, and other amendments bringing in only certain other counties.

**Evidence—Judicial Notice Taken of County's Population.**

2. Judicial notice will be taken that Wasco County does not have 50,000 inhabitants.

From Wasco: FRED W. WILSON, Judge.

In Banc.

On March 9, 1908, a petition was filed in the office of the county clerk of Wasco County, Oregon, signed by more than fifteen of the legal voters of Mosier voting precinct of that county, asking that the question as to whether or not livestock should be allowed to run at large in Mosier precinct be submitted to the legal voters of that precinct. Thereafter the question was submitted at the general election held that year and at the election a majority of the votes cast were cast against permitting livestock to run at large in that precinct, and thereafter the election was declared carried and the county clerk published notice thereof. The plaintiff in this case, assuming that there was a law of the State of Oregon providing for such an election in Wasco County, instituted this suit, alleging that the defendants were permitting stock in their custody and control to run at large in Mosier precinct and were permitting such stock to destroy grass, gardens, fields, pastures and orchards of the plaintiff, and other people, in Mosier precinct. Plaintiff further alleged that defendants threaten to and will, unless restrained, continue to allow their stock so to trespass and plaintiff further alleged that none of the defendants has sufficient property exempt from execution to assure plaintiff that they can be made to respond in damages, and that any effort to protect plaintiff's rights at law would result in a multiplicity of actions that would make any remedy at law prohibitive.

To the complaint of the plaintiff the defendants interposed a demurrer, setting forth that the complaint does not state facts sufficient to constitute a

cause of suit against the defendants, and particularly pointing out that the statute (Laws 1893, p. 89), under which the plaintiff seeks to maintain this suit, does not apply to Wasco County, Oregon.

The court having overruled the demurrer and the defendants having declined to plead further, a decree was entered, enjoining the defendants from permitting their livestock, or any livestock under their control, to run at large in Mosier voting precinct; from which decree defendants appeal.

REVERSED AND DISMISSED.

For appellants there was a brief over the name of *Messrs. Van Vactor & Butler,* with an oral argument by *Mr. R. R. Butler.*

No appearance by Respondent.

McBRIDE, C. J.—1, 2. In 1893 the legislature passed an act, commonly called the herd law (Sess. Laws 1893, p. 89), which provided in terms for determining by vote whether or not stock should be permitted to run at large in any county in the state, but by a proviso contained in Section 5 of the act all counties in Eastern Oregon, except Umatilla County, were excluded from its provisions.

The act was carried in Bellinger & Cotton's Code in consecutive sections, numbered 4243 to 4247, inclusive. Various amendments were made to the act, referring in each to the Code sections in Bellinger & Cotton's and Lord's Oregon Laws, so as to include Sherman, Morrow and Gilliam Counties, in Eastern Oregon, in its provisions and otherwise to modify its provisions as to certain Western Oregon counties; but, except as to those particular counties, Wasco not being included, the provisions excluding Eastern Oregon counties were allowed to stand.

In 1903 an act was passed (Gen. Laws 1903, p. 252) which provided that the act of 1893 should be applicable to any precinct in any county having 50,000 or more inhabitants. Various amendments have been made to other sections of the act but none which repeal the proviso exempting the counties of Eastern Oregon from its provisions except in the specific instances before mentioned. We take judicial notice that Wasco County does not contain 50,000 inhabitants, and as to that county the proviso applies with the same force as in 1893, so that, however unneighborly and selfish it may be for defendants to allow their stock to run at large in Mosier precinct, plaintiff has no remedy in the present condition of the law.

The decree is reversed and the suit dismissed.

REVERSED AND SUIT DISMISSED.